**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN J. DOUGHERTY,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION NO. 22-3430** |
| **NATIONAL UNION FIRE** | |
| **INSURANCE COMPANY** | |
| **OF PITTSBURGH, PA,** | |
| **Defendant.** | |

**<u>MEMORANDUM OPINION</u>**

**Rufe, J.**                                                    **October 12, 2022**

This litigation arises from an insurance coverage dispute between Plaintiff John J.
Dougherty and Defendant National Union Fire Insurance Company of Pittsburgh, PA. On
August 26, 2022, Proposed Intervenor Defendant International Brotherhood of Electrical
Workers, Local 98 removed this action to federal court. Before the Court is Dougherty's Motion
for Expedited Remand to the Philadelphia Court of Common Pleas and Local 98's Motion to
Intervene as a Party Defendant. For the reasons stated below, the Court will remand the action.

I.    **BACKGROUND**

Dougherty filed suit against National Union in the Philadelphia Court of Common Pleas
for fees and expenses incurred in defending federal criminal charges.[1] Dougherty seeks one
count of declaratory relief and one count of breach of contract for insurance coverage benefits to
cover criminal defense costs and expenses as an Individual Insured under two policies issued by

---

[1] Dougherty Mot. Remand [Doc. No. 6] at 4.

National Union.[2] When the parties were unable to reach a resolution, Dougherty sought a special injunction requiring National Union to remit payment to Dougherty's counsel.[3] On March 17, 2022, a judge of the Philadelphia Court of Common Pleas granted Dougherty's request for an injunction.[4]

On July 28, 2022, Local 98 filed a petition to intervene, seeking insurance coverage benefits to cover attorney fees and costs as an Organizational Insured under the same policies.[5] On August 2, 2022, the Court of Common Pleas judge scheduled a hearing on Local 98's petition to intervene for September 14, 2022.[6] On August 26, 2022, before the hearing occurred and without consent from National Union, Local 98 filed a Notice of Removal in this Court.[7] Local 98 argues that this Court has federal question jurisdiction because Local 98's claims and defenses arise under federal law and regulations.[8] Local 98 avers that "[b]ecause the Policies were paid for by Local 98, and not by Mr. Dougherty, and as Local 98 is seeking the same insurance proceeds as Mr. Dougherty, any advancement of attorney's fees to Mr. Dougherty by National Union would constitute the use of union funds by a union official to defend himself against criminal indictments, which, if found to be true, would be detrimental to the union."[9]

---

[2] Notice of Removal [Doc. No. 1] at 7. The two policies at issue are: (1) the Not-For-Profit Organizations Policy, No. 02-146-73-24, issued by National Union to Local 98 for the period October 31, 2016 to October 31, 2017, and; (2) the Not-For-Profit Organizations Policy, No. 03-979-23-74, issued by National Union to Local 98 for the period October 31, 2019 to October 31, 2020 (together, the "Policies"). Notice of Removal [Doc. No. 1] at 2-3.

[3] Mem. Supp. Pl.'s Mot. Remand [Doc. No. 6] at ECF page 4.

[4] The original order granting the injunction is on appeal before the Superior Court of Pennsylvania. Mem. Supp. Pl.'s Mot. Remand [Doc. No. 6] at ECF page 5.

[5] Mem. Supp. Pl.'s Mot. Remand [Doc. No. 6] at ECF page 5.

[6] Mem. Supp. Pl.'s Mot. Remand [Doc. No. 6] at ECF page 5.

[7] Notice of Removal [Doc. No. 1].

[8] Notice of Removal [Doc. No. 1] at 8.

[9] Notice of Removal [Doc. No. 1] at 7.

Local 98 bases federal jurisdiction upon a provision of the Labor-Management Reporting and Disclosure Act ("LMRDA")[10] and the Labor Management Relations Act ("LMRA") generally. Local 98 contends that "union officials may not use union funds or union counsel to defend themselves or other officers against criminal indictments which, if found to be true, would be detrimental to the union," and that "multiple" statutory violations will occur if Dougherty receives payment for counsel from the Policies.[11]

On August 30, 2022, Dougherty filed a Motion for Expedited Remand pursuant to 28 U.S.C. § 1447(c) and for the payment of costs and expenses incurred due to the removal.[12] Dougherty argues that (1) this Court lacks subject-matter jurisdiction; (2) Local 98 is not a party to the underlying state court action, thus lacking authority to remove the case to federal court; and (3) Local 98 did not seek consent from National Union. National Union does not oppose Dougherty's Motion for Expedited Remand.[13] On August 31, 2022, Local 98 filed a Motion to Intervene as a Defendant in this Court, and on September 7, 2022, filed its opposition to the Motion to Remand.[14]

## II.   LEGAL STANDARDS

### A.  Removal

A defendant may only remove a civil action to federal court if the initial action could have been brought in federal court.[15] "[R]emoval statutes are to be strictly construed against

---

[10] *See* 29 U.S.C. § 501.

[11] Notice of Removal [Doc. No. 1] at 7; Local 98 Mem. Opp. Mot. Remand [Doc. No. 15-1] at 6–8.

[12] Pl.'s Mot. Remand [Doc. No. 6].

[13] Mem. Supp. Pl.'s Mot. Remand [Doc. No. 6] at ECF pages 6–7.

[14] Local 98 Mot. Intervene [Doc. No. 7]; Local 98 Opp. Mot. Remand [Doc. No. 15].

[15] 28 U.S.C. § 1441(a).

removal and all doubts should be resolved in favor of remand."[16] "If there is any doubt as to the propriety of removal, that case should not be removed to federal court."[17]

A proper notice of removal must be filed within 30 days of service of the initial complaint or, if the initial pleading is not removable, within 30 days "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[18] After the 30-day time limit expires, a party is precluded from raising a new and independent ground for removal.[19] Proper removal occurs when all served defendants consent to the removal.[20]

"Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court."[21] "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."[22]

### B.  Federal Question Jurisdiction

A case that is removed on the basis of federal question jurisdiction must arise under federal law. When the plaintiff does not assert federal claims in the complaint, the case still may

---

[16] *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (citations and quotation marks omitted).

[17] *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996) (citation omitted).

[18] 28 U.S.C. §§ 1446(b)(1) and 1446(b)(3).

[19] *Rehman v. Basic Moving*, No. 09-248, 2009 WL 1392149 (W.D. Pa. May 15, 2009); *see also USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n.11 (3d Cir. 2003).

[20] *Gonzalez v. New Werner Holding Co.*, No. 21-1549, 2021 WL 4037516, at *1 (E.D. Pa. Sept. 3, 2021) (citing 28 U.S.C. § 1446(b)(2)(A)).

[21] *McGuire v. Safeware, Inc.*, No. 13-3746, 2013 WL 5272767, at *1 (E.D. Pa. Sept. 17, 2013).

[22] *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citations omitted).

arise under federal law in "a special and small category of cases," if the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[23] All of these factors must be met, as "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."[24]

Removal of a dispute to federal court also may be appropriate if a federal cause of action completely preempts the state cause of action.[25] The doctrine of complete preemption applies if the federal law creates an exclusive federal cause of action and the claims at issue fall within the scope of that cause of action.[26] The complaint need not satisfy the well-pleaded complaint rule when there is complete preemption.[27] Even with the presence of a federal statute in a state claim, "state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States."[28]

## III.   DISCUSSION

### A.   Dougherty's Motion for Expedited Remand

#### 1.   *Removal by a Proposed Intervenor*

This case presents in an unusual posture—Local 98 removed this case to federal court *before* any ruling on its motion to intervene in the state court action. Local 98 then filed another

---

[23] *Gunn v. Minton*, 568 U.S. 251, 258, 259 (2013) (internal quotation marks and citations omitted).

[24] *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

[25] *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).

[26] *Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 408 (3d Cir. 2021).

[27] *Id.* at 407 (citation omitted).

[28] *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990).

motion to intervene in federal court. Dougherty argues that, as a nonparty to this action, Local 98 does not have the authority to remove this case to federal court.[29] Local 98 does not address Dougherty's argument directly, but explains in its opposition brief that it removed to federal court "because some courts have held that the 30 day removal period begins on the date the motion to intervene is filed."[30] In the alternative, Local 98 argues that this Court should hold the removal motion in abeyance until it rules on Local 98's motion to intervene.[31]

Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the ***defendant or the defendants***, to the district court of the United States for the district and division embracing the place where such action is pending."[32] Courts in other jurisdictions have held that an intervenor may file a notice of removal if it is properly aligned as a defendant, meaning after the motion to intervene was granted in state court.[33] In *Village of Oakwood v. State Bank and Trust Co.*, where the FDIC removed the case before the state court ruled on its motion to intervene, the Sixth Circuit held that the FDIC was not a party to the suit and that the "intervention [could not] create jurisdiction when none existed."[34] However, in *Farina v. Mission Inv. Trust*, the Fifth Circuit held that the FIDC was a party even though it was not formally added as an intervenor, but was a

---

[29] Mem. Supp. Pl.'s Mot. Remand [Doc. No. 6] at ECF page 7.

[30] Local 98 Mem. Opp. Mot. Remand [Doc. No. 15-1] at 1 (citing *Bank of N.Y. Mellon v. Walnut Place*, LLC, 819 F. Supp. 2d 354, 358 (S.D.N.Y. 2011)).

[31] Local 98 Mem. Opp. Mot. Remand [Doc. No. 15-1] at 14.

[32] 28 U.S.C. § 1441(a) (emphasis added).

[33] *Silas v. Argent Mort. Co.*, No. 17-703, 2017 WL 3131057, at * 4 (E.D. Cal. 2017); *see also Tucker v. Equifirst Corp.*, 57 F. Supp. 3d 1347, 1349 (S.D. Ala. 2014).

[34] 481 F.3d 364 (6th Cir. 2007).

successor-in-interest to a bank named as a defendant.[35] In this case, the Court need not decide whether a proposed intervenor can remove a case to federal court because even if removal were procedurally proper, the Court lacks subject matter jurisdiction.

    2.  *Federal Jurisdiction*

      a.  <u>Complete Federal Preemption</u>

Local 98 argues that complete federal preemption exists under the provision of the LMRDA which concerns the fiduciary responsibility of officers of labor organizations,[36] and under the LMRA generally.[37] Local 98 avers that "[t]he strong policy favoring union democracy embodied in the LMRDA preempts state law under our facts" and that "the comprehensive regulatory scheme set forth in the LMRA preempts the entire field of labor law to the exclusion of state law here."[38] Thus, it appears that Local 98 argues that the LMRA preempts state insurance and contract law when a labor organization is involved.

 "[C]omplete federal preemption is rare."[39] The cases cited by Local 98 to support its proposition that "[p]reemption removal is well established in the field of labor law" do not delineate the seemingly limitless scope of preemption urged by Local 98.[40] None of the cases rely upon 29 U.S.C. § 501, which does not mention insurance policies. Section 301 of the LMRA

---

[35] 615 F.2d 1068 (5th Cir. 1980); *but see Valenica v. Allstate Texas Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020) ("A non-party, even one that claims to be the proper party in interest, is not a defendant and accordingly lacks the authority to remove a case.").

[36] 29 U.S.C. § 501.

[37] Local 98 asserts federal jurisdiction under Section 501 of the LMRDA in its Notice of Removal, but asserts jurisdiction under the LMRA for the first time in its opposition to the Motion to Remand.

[38] Local 98 Mem. Opp. Mot. Remand [Doc. No. 15-1] at 11.

[39] *City of Hoboken v. Chevron Corp.*, 45 F.4th 699 (Aug. 17, 2022).

[40] Local 98 Opp. Br. Mot. Remand [Doc. No. 15-1] at 12.

grants courts federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization representing employees"[41] and has been held to preempt certain state law claims relating to breach of contracts, particularly collective bargaining agreements.[42] The dispute here does not involve a collective bargaining agreement or other labor contract. Under Local 98's expansive view of federal preemption, any case involving a labor organization would be wholly preempted. That is not the law. The Court need not, and does not, decide whether the LMRDA might be relevant in some way to the dispute, only that it does not mandate that the suit be heard in this Court. Local 98 has failed to establish complete federal preemption in this case.

### b. Statutory Jurisdiction

Local 98 argues in its opposition to the Motion to Remand that the Court possesses statutory jurisdiction through two provisions of federal labor law, 29 U.S.C § 186(e) and 29 U.S.C § 412.[43] It avers that Dougherty is currently charged with violations of the LMRDA and was previously convicted of violations of the LMRA, and that further violations of the LMRDA and LMRA will occur if he receives defense costs under the Policies, as Local 98 paid the insurance premiums.[44] However, Local 98 simply quotes from the statutes, both of which

---

[41] 29 U.S.C. § 185.

[42] *See Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557, 559–60 (1968) (holding that § 301 "was fashioned by Congress to place sanctions behind agreements to arbitrate grievance disputes" and "[a]n action arising under § 301 is controlled by federal substantive law even though it is brought in a state court"); *but see Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987) (holding that complaint asserting breach of individual employment contracts was not completely preempted by § 301 of the LMRA, even though the employer raised the defense that the contracts were superseded by a collective-bargaining agreement); *New Jersey Carpenters and the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 305-06 (3d Cir. 2014) (recognizing that § 301 allows removal "'when the heart of the state-law complaint is a clause in the collective bargaining agreement'" but holding that the plaintiffs' claim was not preempted by the LMRA because it did not turn on the interpretation of a collective bargaining agreement) (quoting *Caterpillar*, 482 U.S. at 394).

[43] Local 98 Mem. Opp. Mot. Remand [Doc. No. 15-1] at 8–10.

[44] Local 98 Mem. Opp. Mot. Remand [Doc. No. 15-1] at 6–8.

provide that "any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate."

Local 98 fails to explain how Dougherty's alleged violations of the LMRA and LMRDA confer jurisdiction in this action regarding insurance policy claims. At most, these statutes enable Local 98 to file an action *as a plaintiff* in federal court for violations of the statutes, assuming that Local 98 has a claim. They do not confer jurisdiction here, where Local 98 is a Proposed Intervenor Defendant. Even if this statutory language somehow were to confer jurisdiction in this case, Local 98 has not argued that there is complete preemption under these statutes. In the absence of complete preemption, all defendants must consent to removal and National Union has not done so.[45] Indeed, National Union explicitly does not oppose remand.[46] Nor does Local 98 identify where in the well-plead state-court complaint the statutory jurisdiction is implicated. Therefore, Local 98 cannot remove under either 29 U.S.C § 186(e) or 29 U.S.C § 412.

### B.  Local 98's Motion to Intervene

Because this Court does not possess subject matter jurisdiction over this dispute, Local 98's Motion to Intervene is dismissed without prejudice as moot and Local 98 may pursue intervention in state court.

---

[45] Under 28 U.S.C. § 1446(b)(1)(2)(A), "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Further, "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." 29 U.S.C. § 1446(b)(1)(2)(B).

[46] National Union's Resp. Mot. Remand [Doc. No. 16].

## C.  Fees and Costs

Finally, Dougherty requests the Court to award fees and costs incurred in bringing this motion. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of fees and costs is "discretionary."[47] "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."[48]

Although the Court will grant Dougherty's Motion for Expedited Remand, it will deny Dougherty's motion for costs and fees associated with this motion. The Court finds that an award of costs and fees is not warranted in this case.

## IV.  CONCLUSION

Dougherty's Motion for Expedited Remand is granted as to remand and denied as to costs and fees. Local 98's Motion to Intervene is dismissed without prejudice as moot. An order will be entered.

---

[47] *Siebert v. Norwest Bank Mn.*, 166 F. App'x 603, 606 (3d Cir. 2006).

[48] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).